**United States Bankruptcy Court**
**Eastern District of Arkansas, Little Rock Division**

**Debtor(s)** <u>Forrester, David & Forrester, Jennifer</u>  **Case No.** <u>4:20-bk-11446</u>

## Arkansas Chapter 13 Plan
(Local Form 13-1)

---

Original Plan **[X]**     Amended Plan **[ ]**     **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:     **[ ]** Before confirmation
                                **[ ]** After confirmation

## Part 1: <u>Notices</u>

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

**[ ] Original plan filed at the time the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

**[X] Original plan filed after the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the later of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

**[ ] Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the*

Debtor(s) **Forrester, David & Forrester, Jennifer**     Case No. **4:20-bk-11446**

*plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8 | [ ] Included | [X] Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $ **430.00** per month to the trustee. The plan length is **36** months.
The following provision will apply if completed:

*(Use additional lines as necessary.)*

**Amended plan:** Plan payments will change to $ _ per month beginning on the later of the date of filing of the amended plan or _. The plan length is _ months.

The following provision will apply if completed:

Plan payments will change to $_____ per month beginning on _____.

Plan payments will change to $_____ per month beginning on _____.
*(Use additional lines as necessary.)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Payments shall be made from future income in the following manner:**

Name of debtor **Forrester, David**

    **[ ]** Direct pay of entire plan payment or _____ (portion of payment) per month.

    **[X]** Employer withholding of $ **430.00** per month.

        Payment frequency: **[ ]** monthly, **[ ]** semi-monthly, **[ ]** bi-weekly, **[X]** weekly, **[ ]** other
If other, please specify: _____
Employer name: **Wayne Smith Trucking, Inc.**
Address: **PO Box 356 Morrilton, AR 72110-0356**
Phone:

Name of debtor **Forrester, Jennifer**

    **[ ]** Direct pay of entire plan payment or _____ (portion of payment) per month.

    **[ ]** Employer withholding of $ **0.00** per month.

        Payment frequency: **[ ]** monthly, **[ ]** semi-monthly, **[ ]** bi-weekly, **[ ]** weekly, **[ ]** other
If other, please specify: _____
Employer name:
Address:
Phone:

**2.3 Income tax refunds.**

*Check one.*

Debtor(s) **Forrester, David & Forrester, Jennifer**   Case No. **4:20-bk-11446**

[X] Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

[ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

[ ] Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4 Additional payments.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 Adequate Protection Payments.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| COLONIAL AUTO FINANCE/CM / 13 | | 100.00 | [X] Preconfirmation<br>[ ] Postconfirmation |

**3.2 Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
[ ] **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

[X] Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| COLONIAL AUTO FINANCE/CM / 13 | | | 8,908.82 | 8908.82 | 5.50 | 269.01 |

**3.4 Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Debtor(s) **Forrester, David & Forrester, Jennifer**         Case No. **4:20-bk-11446**

*Check one.*
**[X] None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

**[X] None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2 Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

Amount paid to attorney prior to filing:     $ **0.00**

Amount to be paid by the trustee:            $ **3,500.00**

Total fee requested:                         $ **3,500.00**

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ **1,200.00** and **25.00** %, respectively.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
| --- | --- | --- |
| None | | |

**4.5 Domestic support obligations.**

*Check one.*
**[X] None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims.**

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable

Debtor(s) **Forrester, David & Forrester, Jennifer**          Case No. **4:20-bk-11446**

income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances:

*Check one, if applicable.*
**[X]**   A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

**[ ]**   Other. Please specify .

**5.2   Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
**[X]   None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
**[X]   None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1   Executory Contracts and Unexpired Leases.**

*Check one.*
**[ ]   None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
**[X]   Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| DT& J RTO, LLC | Monthly Payment: 285.9736 Payments Left12x32 Building - Re | Debtor | 285.97 | 36 | 0.00 | 0.00 |

**[ ]   Rejected items.** The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| None |  |

**6.2   Sale of assets.**

*Check one.*
**[X]   None**. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3   Claims not to be paid by the trustee.**

Check one.
**[X]   None**. *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4   Postpetition claims.**

*Check one.*
**[X]   None**. *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

Debtor(s) **Forrester, David & Forrester, Jennifer**     Case No. **4:20-bk-11446**

**7.1 Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

[ ]  plan confirmation.
[X]  entry of discharge.
[ ]  other: _____

## Part 8: Nonstandard Plan Provisions

[X]  **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**8.1 The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.**

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used [*pending approval*] in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

*/s/ Matthew D Mentgen*                                      Date **April  7, 2020**
**Signature of Attorney for Debtor(s)**

*/s/ David Forrester*                                             Date **April  7, 2020**


*/s/ Jennifer Forrester*                                          Date **April  7, 2020**
**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**Otherwise optional)**

Debtor(s) **Forrester, David & Forrester, Jennifer**  Case No. **4:20-bk-11446**

# Addendum A – For Amended Plans

## Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

### A.1 Prepetition Nonpriority Unsecured Claims.

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### A.2 Postpetition Nonpriority Unsecured Claims.

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim . The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| | | | | [ ] Yes<br>[ ] No |
| | | | | [ ] Yes<br>[ ] No |
| | | | | [ ] Yes<br>[ ] No |
| | | | | [ ] Yes<br>[ ] No |